Deaderick, J.,
delivered the opinion of the court.
Alexander procured an attachment to issue upon an affidavit, which does not recite any cause for its issuance, which was levied on personal property. The property was replevied and the bond returned to court.
At the August Term, 1871, a final judgment by default was taken, upon 'motion for the amount of the account claimed in the declaration. But this judgment purports to have been rendered against the defendant and his sureties, upon the delivery bond, and not against Wyatt Morning, the only party declared against. Against him for the alleged indebtedness, there is no judgment. And if such judgment had been rendered, it would have been a nullity, as *607 no ground of attachment is alleged, no publication made, nor any appearance by defendant.
Plaintiff is only entitled to a judgment on the bond after a recovery against defendant, upon the cause of action for which the suit was brought. Code, sec. 3514. There was no such recovery in this case and the judgment on the bond was a nullity.
It follows that the judgment must be reversed, and the suit dismissed.